| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John E. Bouzane, Esq. SBN: 79804<br>Law Offices of John E. Bouzane<br>474 W. Orange Show Road,<br>San Bernardino, CA 92408<br>Emai: intake@fastevict.com<br><br>Telephone: (909) 889-5151<br>Facsimile: (909) 889-3900<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Movant | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA BARBARA

| In re:<br><br>    Cindy Diane Burkhart | CASE NO.: 9:23- bk-10247<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 05/16/2023<br>TIME: 10:00 AM<br>COURTROOM: 201 |
| **Movant**: MICHAEL HANNA AND EVELEN HANNA | |

1.      **Hearing Location:**

1. **Hearing Location**:

    ☐    255 East Temple Street, Los Angeles, CA 90012    ☐   411 West Fourth Street, Santa Ana, CA 92701

    ☐    21041 Burbank Boulevard, Woodland Hills, CA 91367    ☒   1415 State Street, Santa Barbara, CA 93101

    ☐    3420 Twelfth Street, Riverside, CA 92501

2.      Notice is given to the Debtor and trustee *(if any)*(Responding Parties), their attorneys *(if any),* and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3.      To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1 RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

22-11-0360

This form is mandatory.      It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                  Page 1                 **F 4001-1.RFS.UD.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem
    such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than *(date)__* and *(time)____*; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such
    motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:    4/12/2023

Law Offices of John E. Bouzane
Printed name of law firm (if applicable)

John E. Bouzane, Esq. SBN: 188290
Printed name of individual Movant or attorney for Movant

/S/ John E. Bouzane
Signature of individual Movant or attorney for Movant

22-11-0360

This form is mandatory.        It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*        Page 2        **F 4001-1.RFS.UD.MOTION**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
(Unlawful Detainer)**

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other *(specify):*

2. **The Property at Issue (Property):**

   Type of Property:    ☒ Residential    ☐ Nonresidential

   *Street Address:* 2053 MEDINA AVE
   *Unit/Suite Number:*
   *City, State, Zip Code:* SIMI VALLEY, CA 93063

3. **Bankruptcy Case History:**

   a. ☒ A voluntary  ☐ An involuntary  petition under chapter      ☐ 7  ☐ 11  ☐ 12  ☒☒ 13

      was filed on *(date):* 04/03/3032

   b. ☐ An order to convert this case to chapter      ☐ 7   ☐ 11  ☐ 12  ☐ 13
      was entered on *(date):*

   c. ☐ A plan was confirmed on *(date):*

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because** *(check all that apply):*

   a. ☒  Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

      (1) ☒  The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☒  The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

      (3) ☐  The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (4) ☐  Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit ___. A hearing on this objection is set for *(date)* _____.

5.       **Grounds for Relief from Stay:** *(check all that apply)*
   a. X  Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

      (1) ☒  Movant caused a notice to quit to be served on the Debtor.

      (2) ☒  An unlawful detainer proceeding was commenced on *(date)* 01/10/2023 .

      (3) ☒  An unlawful detainer judgment was entered on *(date)* 03/23/2023 .

22-11-0360

This form is mandatory.          It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because *(check all that apply)*:

(1) ☐ The lease or other right of occupancy expired by its terms on *(date)* _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on *(date)* _____.

(3) ☒ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit ___. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit ___. A hearing on this objection is set for *(date)* ___.

(5) ☒ The bankruptcy case was filed in bad faith:

A) ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☒ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ___.

c. ☐ Other:

22-11-0360

---

This form is mandatory.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

7. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

   a. The UNLAWFUL DETAINER DECLARATION on page 7.

   b. ☐ Supplemental declaration(s).

   c. ☒ Other *(specify):*  The unlawful detainer judgment entered on 03/23/2023 was a conditional judgment requiring Debtor to pay the sum of $10,000.00 by no later than 5:00 PM on 5:00 PM on March 31, 2023. Debtor did not make said payment and prior to a Declaration of non-compliance being filed Debtor file this Bankruptcy Case.

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   ☐ without further notice.
   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice.
   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

22-11-0360

This form is mandatory.       It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 5                                    **F 4001-1.RFS.UD.MOTION**

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☐ Establishment of a deadline for assumption or rejection of the lease.

    b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 04/12/2023

        Law Offices of John E. Bouzane
        Print name of law firm *(if applicable)*

        John E. Bouzane, Esq. SBN: 79804
        Print name of individual Movant or attorney for Movant *(if applicable)*

        /S/ John E. Bouzane
        Signature of individual Movant or attorney for Movant

22-11-0360

---

This form is mandatory.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## UNLAWFUL DETAINER DECLARATION

I, *(name of declarant)*   Michael Hanna _____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age.    I have knowledge regarding Movant's interest in the Property because *(specify):*

   a. ☒  I am the Movant and owner of the Property.

   b. ☐  I manage the Property as the authorized agent for the Movant.

   c. ☐  I am employed by Movant as *(title and capacity):*

   d. ☐  Other *(specify):*

2. a. ☒  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b.       ☐  Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address:* 2053 MEDINA AVE
   *Unit/Suite Number:*
   *City, State, Zip Code:* SIMI VALLEY, CA 93063

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit 1. A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit  1  .

5. The Debtor asserts a possessory interest in the Property based upon:
   (1) ☐  a month-to-month tenancy
   (2) ☒  a lease that is in default
   (3) ☐  after a foreclosure sale that was held on *(date):* _.
   (4) ☐  other *(specify):*

6. The Debtor failed to pay:

   a. ☐  The monthly rent of $ 3500.00 _____ beginning on *(date):* 12/01/2022 _____.

22-11-0360

This form is mandatory.          It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 7                          **F 4001-1.RFS.UD.MOTION**

b. ☐ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☐ Other obligations *(specify):*

7. Procedural status

    a. ☐ The lease matured or was rejected on *(date)* _____:

        (1) ☐ by operation of law.

        (2) ☐ by order of the court

    b. ☒ Movant caused a notice to quit to be served upon the Debtor on *(date)* 01/03/2023 , and a true and correct copy is attached as Exhibit ___.

    c. ☐ Before the bankruptcy petition was filed:

        (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on *(date)* 01/10/2023 , and a true and correct copy is attached as Exhibit ___.

        (2) ☒ Trial was held on *(date)* 3/13/2023 .The Unlawful Detainer Judgment is attached as Exhibit "4"

        (3) ☐ Trial was continued to *(date)* _____.

        (4) ☒ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on *(date)* 03/23/2023 , and a true and correct copy is attached as Exhibit 4 .

        (5) ☐ A writ of possession for the Property was issued on *(date)* _____, and a true and correct copy is attached as Exhibit ___.

    d. After the bankruptcy petition was filed:

        (1) ☒ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

        The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

        (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

        (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

            (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit ___. A hearing on this objection is set for *(date)* _____

            (B) ☐ Movant has not filed and served an objection.

22-11-0360

This form is mandatory.    It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 8    **F 4001-1.RFS.UD.MOTION**

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☒ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit ___. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for:

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

  a. ☐ Residential, and is not producing income for the Debtor.

  b. ☐ Commercial, but no reorganization is reasonably in prospect.

  c. ☐ No longer property of the estate.

  d. ☒ Other *(specify)*:
        Debtor no longer has any right to continue possession of the subject property (CCP 1161) and failed to pay the $10,000.00 as required by the Judgment (See Exhibit "4")

10. ☒ The bankruptcy case was filed in bad faith:

  a. ☒ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

  b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

  c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  d. ☐ Other *(specify)*:


11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

  a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

  b. ☐ Multiple bankruptcy cases affecting the Property include:

    (1) Case name: _____
        Chapter: _____ Case number: _____
        Date filed: _____ Date discharged: _____ Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

    (2) Case name: _____
        Chapter: _____ Case number: _____
        Date filed: _____ Date discharged: _____ Date dismissed: _____
        Relief from stay regarding the Property ☐ was ☐ was not granted.

22-11-0360

This form is mandatory.        It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 9                              F 4001-1.RFS.UD.MOTION

(3) Case name: _____

Chapter: _____    Case number: _____

Date filed: _____    Date discharged: _____    Date dismissed: _____

Relief from stay regarding the Property  ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit ___.

c. ☐ For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


04/12/2023 _____    Michael Hanna _____    _M. Hanna_____

*Date*                          *Printed Name*                                              *Signature*

22-11-0360

---

This form is mandatory.          It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 10                          **F 4001-1.RFS.UD.MOTION**

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
474 W Orange Show Rd San Bernardino, CA 92408

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11
U.S.C. § 362(l) (with supporting declarations) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.    TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)*
___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Elizabeth (ND) F Rojas (TR)**    cacb_ecf_nd@ch13wla.com
**Tyson Takeuchi**    tyson@tysonfirm.com, albert@tysonfirm.com;armen@tysonfirm.com
**United States Trustee (ND)**    ustpregion16.nd.ecf@usdoj.gov

☐ Service information continued on attached page

**2.    SERVED BY UNITED STATES MAIL:**
On *(date)* 04/13/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case
or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first
class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge
will be completed no later than 24 hours after the document is filed.
  Cindy Diane Burkhart
  2053 MEDINA AVE
  SIMI VALLEY, CA 93063

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* 04/13/2023, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
  Cindy Diane Burkhart                          Hon. Ronald A. Clifford, Bankruptcy Judge
  2053 MEDINA AVE                               1415 State Street
  SIMI VALLEY, CA 93063                         Santa Barbara, CA 93101-2511
  Overnight Mail                                ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 04/13/2023 | B. Smith | *(signature)* |
|---|---|---|
| Date | Printed Name | Signature |

22-11-0360

This form is mandatory.         It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 11                          F 4001-1.RFS.UD.MOTION

A.P.N. **633-0-092-135**

RECORDING REQUESTED BY:

**MICHAEL HANNA and**

**EVELEN HANNA**

WHEN RECORDED MAIL DOCUMENT

AND TAX STATEMENTS TO:

**MICHAEL HANNA and**

**EVELEN HANNA**

**8555 NESTLE AVE**

**NORTHRIDGE, CA 91325**



**2022000092535**

Recorded in Official Records
Ventura County Clerk-Recorder
Mark A. Lunn

09/13/2022      Titles: 1  Pages  4
08 12 AM
VEN        Fees   $108 00
ONTIVD

*Space Above This Line For Recorder's Use*

## QUITCLAIM DEED – CALIFORNIA

DOCUMENTARY TRANSFER TAX $ COUNTY $0 00  CITY $0 00
____COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
____OR COMPUTED ON FULL VALUE LESS LIENS AND ENCUMBRANCES REMAINING AT
TIME OF SALE
____UNINCORPORATED AREA·
_X_ CITY OF Simi Valley
_X_ THIS CONVEYANCE TRANSFERS AN INTEREST INTO OR OUT OF A LIVING TRUST, R & T
11930
____ This document is exempt from the $75 fee per California Government Code Section 27388 1 because
Document is a transfer of real property that is a residential dwelling to an owner-occupier

_MICHAEL HANNA_

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**MICHAEL HANNA and EVELEN HANNA**, husband & wife, as joint tenants, the

undersign grantors, for a valuable consideration, do hereby remise, release and forever

quitclaim to **MICHAEL HANNA and EVELEN HANNA**, Co-Trustees of **THE**

**MICHAEL AND EVELEN HANNA LIVING TRUST**, all that real property situated

in the City of **SIMI VALLEY**, County of **VENTURA**, State of **CALIFORNIA**,

described as follows:

**LEGAL DESCRIPTION attached hereto and made a part hereof as Exhibit "A".**

APN: 633-0-092-135

Also known as: 2053 North Medina Avenue, Simi Valley, CA 93063

Executed on __11/29/2021_____    at __NORTHRIDGE CA__

_MICHAEL HANNA_
**MICHAEL HANNA**, Grantor

_[signature]_
**EVELEN HANNA**, Grantor

## EXHIBIT "A"

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE CITY OF SIMI VALLEY, COUNTY OF VENTURA, STATE OF CALIFORNIA, BEING KNOWN AND DESIGNATED AS FOLOWS:

Lot # 69
Tract # 1708-00
Map No. 044MR 050

Also known as: 2053 North Medina Avenue, Simi Valley, CA 93063

A.P.N. **633-0-092-135**

## ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or
> validity of that document

State of California
County of _____ Los Angeles _____ )

On _____ November 29, 2021 _____ before me, _____ Keyote Gilmore (Notary Public) _____

                                        (insert name and title of the officer)

personally appeared ___ MICHAEL HANNA and EVELEN HANNA ___
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

KEYOTE GILMORE
Notary Public - California
Los Angeles County
Commission # 2298782
My Comm Expires Jul 26, 2023

Signature _____    (Seal)

# ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of the document.

State of California       )

                              ) ss

County of Los Angeles     )

On __NOVEMEBER 29, 2021_____ before me,

__KEYOTE GILMORE_____, a California
Notary, personally appeared **MICHAEL HANNA and EVELEN HANNA**, who proved
to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their/ authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that
the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



_____

Signature of Notary Public

(Notary Seal)



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF VENTURA
### Superior Court of California, County of Ventura, Hall of Justice, Department 45

**202300574189CLUD**
**Hanna vs. Burkhart**

March 21, 2023
4:18 PM

Judge: Honorable Maureen M Houska
Judicial Secretary: Tammy Brantner
CSR: None

**APPEARANCES:**

**NATURE OF PROCEEDINGS:** Ruling on Submitted Matter

This matter came on calendar February 21, 2023, and March 13, 2023, for an unlawful detainer trial and evidentiary hearing, respectively. The Court took the matter under submission. Out of the presence of the parties, and having considered all the evidence and testimony offered,[1][1] the Court now rules as follows:

**Factual Background:** This unlawful detainer action arises from a February 1, 2018 lease agreement between Michael Hanna and Evelen Hanna[2][2] on the one hand, and defendant/tenant Cindy Burkhart on the other, relating to property located at 2053 Medina Avenue, Simi Valley, California 93063.

Defendant's testimony and the exhibits submitted with defendant's answer and received at trial establish that defendant previously owned the subject property but, as a result of either a short sale or foreclosure, the property was purchased by Michael and Evelen Hanna. Thereafter, on February 1, 2018, the Hannas and defendant entered into a written contract wherein the parties agreed defendant would rent the property from the Hannas for three years for a minimum amount of $3,500.00 per month beginning at the close of escrow; that defendant would be given the option to purchase the property in three years at a $75,000.00 net profit to the owners; that all repairs were required to be approved by the Hannas but would be handled by the defendant; that defendant would have three and half years to obtain a loan to purchase the property and if she could not obtain a loan she must either vacate the property or a new lease could be negotiated "depending on owners and tenant circumstances" at which time, "any major repairs performed to the property" would have to be paid back to the defendant by the Hannas.



Hanna vs. Burkhart

At trial, defendant produced a June 29, 2020 addendum to the lease, signed by both parties wherein it was agreed that the rent was reduced to $3,000.00 "until the end of the contract on January 10, 2021." Therein, the owners agreed to be responsible for all "necessary" repairs made to the property and if repairs were made by defendant, with a notification to the owners, the defendant could deduct the cost of the repair from the rent. The owners also agreed that the defendant could, in an "emergency", handle the necessary repairs timely to protect the integrity of the property. What would constitute a "necessary" repair or an "emergency" is not defined by the parties.

It is undisputed that in December 2022, defendant did not pay her agreed upon rent of $3,000.00. Plaintiff presented evidence, in the form of a proof of service, that on January 3, 2023, a registered California process server posted a Notice to Pay Rent or Quit on the subject property in a conspicuous place and thereafter mailed it to defendant after determining there was no person of suitable age or discretion found at the premises at the time he was there. [Plaintiff's Exhibits 2 and 3.] The Notice to Pay Rent or Quit, which expired on January 6, 2023, sought payment of the December 2022 rent or, alternatively, that defendant vacate the property. Michael Hanna testified he has not received rent due in December 2022 or any month thereafter. Plaintiff seeks possession of the premises, past rent of $3,000.00, and holdover damages (as of the date of the February 21, 2023 trial) of $5,100.00 which is calculated at the rate of $100.00 per day ($3,000.00 divided by thirty days in a month) multiplied by 51 days.

Defendant testified she did not see the Notice to Pay Rent or Quit nor did she receive it in the mail. She further testified that she did not pay the December rent because she was exercising her right to deduct, from her rental obligation, the cost of repairs she had made to the property between 2018 and November 20, 2022, totaling $17,896.13. The subject repairs consist of payment toward installation of a downstairs heating, ventilation and air-conditioning (HVAC) unit (August 2020: $2,000.00); repair of the upstairs HVAC unit (July 2021: $363.00); Painting and drywall repair allegedly resulting from a kitchen ceiling leak caused by the upstairs HVAC unit (July 2021 and October 2021: $2,000.00); replacement of carpet that was old and had been cut and damaged by realtors in 2018 (March 2022: $9,655.00); clearing of the condensate drain in the upstairs HVAC unit and purchase of an annual service plan for both HVAC units (August 2022: $411.00); repair of a pipe, stucco and painting in the courtyard (November 2022: $3,467.13). Defendant contends she made the repairs for her health and safety stating, "if I had not made those repairs all along, the house would have been uninhabitable." She alleges that currently, her pond timer is broken, the terrace cover needs to be painted, her terrace barbeque is not working properly, a coil and heater needs to be replaced in the upstairs HVAC unit and she sustained ceiling and wall damage from a roof leak in December 2022.

As part of defendant's Exhibit "C", she submitted a document entitled "Real

Estate Fraud Complaint Form" dated 6/12/2021. Attached to this document is an undated, unsigned, typewritten document. At the March 13, 2023 hearing, defendant testified she prepared this document and the attachment. She further confirmed that prior to plaintiff's purchase of the subject property, defendant was in a state of pre-foreclosure; she was contacted by real estate agents who represented they had an investor to purchase the property; and while she still owned the property, she allowed the purported real estate agents to damage her home in order to make it "look like it was worth less" for the purpose of a short sale. The damage done to the property included draining the pool, spa, and pond, cutting up and removing carpet, removing kitchen cabinet doors, and spraying a strong tea on the upstairs ceiling to depict water damage.

The trial court sits as the trier of fact and it is called upon to determine the credibility of witnesses, the weight of evidence and the resolution of factual conflicts. In re Marriage of Greenberg, (2011) 194 Cal.App.4th 1095, 1099. The Court has concerns regarding the accuracy of defendant's representations in this matter.

## Legal Principals and Analysis

1. The Notice to Pay Rent or Quit was Properly Served.

When service of a Notice to Pay Rent or Quit is carried out by a registered process server, Evidence Code Section 647 applies to eliminate the necessity of calling the process servers as a witness at trial. Pursuant to Evidence Code Section 647, the return of a registered process server establishes a rebuttable presumption, affecting the burden of producing evidence, of the facts stated in the return. Palm Property Investments LLC v. Yadegar (2011) 194 Cal.App.4th 1419, 1427. The return indicates the Notice to Pay Rent or Quit was posted on the subject property in a conspicuous place and was thereafter mailed to defendant after the process server determined no person of suitable age or discretion was found at the premises at the time he was there. Defendant testified she did not receive the Notice to Pay Rent or Quit. The Court does not find defendant's assertion to be credible or sufficient to rebut the presumed facts. See, Palm Property Investments LLC v. Yadegar supra, 194 Cal.App.4th at 1427 and the cases cited therein.

2. Repair and Deduct Rights.

Civil Code Section 1941 provides: "The lessor of a building intended for the occupation of human beings must, in the absence of an agreement to the contrary, put it into a condition fit for such occupation, and repair all subsequent dilapidations thereof, which render it untenantable.". A dwelling *shall* be deemed untenantable for purposes of Civil Code Section 1941 if it substantially lacks, among other things, plumbing

maintained in good working order, heating facilities maintained in good working order, or floors maintained in good repair. <u>Civil Code</u> Section 1941.1.

When premises are untenantable, the tenant may have the right to make repairs and deduct the costs from the rent if: (1) there is notice to the landlord of the breach making the premises untenantable, and (2) the tenant has waited a reasonable amount of time for the landlord to make the needed repair. <u>Civil Code</u> Section 1942(a). The tenant may not exercise repair and deduct rights for items exceeding the value of one month's rent. <u>Id</u>.

**Replacement of downstairs HVAC system:** Defendant is entitled to deduct $2,000.00 from her rental obligation for her monetary contribution to the replacement of the downstairs HVAC unit in August 2020.

It is undisputed that in August 2020, defendant paid $2,000.00 toward the replacement of a downstairs HVAC system[3][3]. Plaintiff objects that this repair is irrelevant to this action and argues it is too remote in time from defendant's failure to pay rent in December 2022 as reflected in the January 3, 2023 Notice to Quit. However, the habitability defense is an affirmative defense permitted by statue and common law in an unlawful detainer proceeding and goes to the issue of the landlord's right to possession, which is at the core of the unlawful detainer proceeding. <u>Green v. Superior Court</u> (1974) 10 Cal.3d 616, 635. <u>Boyd v. Carter</u> (2014) 227 Cal.App.4[th] Supp 1. Here it is established that (1) the downstairs heat in the residence was not working; (2) that defendant provided notice to plaintiff of the need to repair the downstairs HVAC unit (as is evidenced by Mr. Hanna's substantial outlay of funds in attempting to repair the unit  prior to its replacement), and (3) defendant paid a $2,000.00 deposit to Absolute Airflow to assist Mr. Hanna in remedying a condition that, *by statute*, renders a residence untenantable. Although Mr. Hanna testified he did not authorize the payment of $2,000.00 (See Evidentiary Trial Brief, Declaration of Michael Hanna, ¶ 7), the payment reduced the replacement cost of the HVAC unit to plaintiff from $7,500.00 to $5,500.00. Defendant is entitled to be reimbursed.

**Repair of Upstairs HVAC:** Defendant is NOT entitled to deduct $363.00 for her July 2, 2021 payment to EJB Plumbing for the cost of clearing an HVAC condensate stoppage, correction of plumbing under a bathroom sink, and installing a new safety kill switch on the HVAC drip pan. In evaluating the credibility of the parties, the Court finds no competent evidence that the condition repaired rendered the premises untenantable or that Mr. Hanna was notified of the need for repair prior to it being completed. Mr. Hanna testified that defendant did not have his authority to pay for this work which could have been covered under the homeowner's plan he purchased or which was under the

warranty issued with the HVAC unit. (See Evidentiary Trial Brief, Declaration of Michael Hanna, ¶ 8.) The Court finds Mr. Hanna's declaration to be credible.

**Painting and Drywall Repair:** Defendant is NOT entitled to deduct $2,000.00 for claimed repair to drywall and paint to the kitchen ceiling allegedly caused by a leak from the upstairs HVAC unit. Defendant produced photocopies of cancelled checks to Jorge Paredes for $1,000.00 on July 17, 2021, and $1,000.00 on October 25, 2021, for "Kitchen Ceiling Leak Repair Deposit" and "Kitchen Ceiling Leak Repair Balance", respectively. She did not produce an invoice from Mr. Paredes or any evidence (other than her own testimony) to substantiate her claim that the payments were made to Mr. Paredes to repair damaged paint and drywall caused by a leak from the upstairs HVAC unit. In evaluating the credibility of the parties, and based on the evidence presented, the Court is not persuaded that the alleged leak caused the premises to be untenantable or that the payments to Mr. Paredes were made to repair drywall and paint damage caused by a leak.

**Clearing of HVAC condensate drain and purchase of one-year maintenance plans:** Defendant is NOT entitled to deduct $411.00 representing a payment made to Absolute Airflow in August 2022 for clearing the condensate drain of the HVAC unit ($213.00) and the purchase of a one-year maintenance subscription for the upstairs and downstairs HVAC units ($198.00). Michael Hanna testified defendant did not notify him prior to incurring this expense. In evaluating the credibility of the parties, and based on the evidence presented, the Court is not persuaded that the alleged condition repaired and the lack of one-year maintenance subscription rendered the premises untenantable. The Court finds Mr. Hanna's testimony to be credible.

**Replacement of Carpet:** Defendant is NOT entitled to deduct $9,655.00 from her rental obligation which represents the cost of carpet replacement in March 2022. Defendant testified the carpeting was old, had holes in it from being cut by the realtor in 2018 and some of it was slightly wet due to the alleged ceiling leak. While floors must be maintained in good repair for premises to be habitable (See, Civil Code Section 1941.1), defendant admittedly allowed her carpet to be cut and damaged in 2018 when she owned the home in order to make it "look like it was worth less" for the purpose of a short sale. A tenant who substantially contributes to the existence of an untenantable condition cannot claim relief under the statute. Civil Code Section 1941.2(a).

**Repair and painting of courtyard stucco:** Defendant is NOT entitled to deduct $3,467.13 from her rental obligation for the repair of a pipe in her courtyard and repair and painting of stucco in November 2022. The alleged need for stucco and paint in the courtyard does not constitute a habitability issue and may not properly be deducted from rent.

202300574189CLUD                                                      Hanna vs. Burkhart

3. <u>Current Alleged Habitability Issues.</u>

Defendant alleges that currently, her pond timer is broken, the terrace cover needs to be painted, her terrace barbeque is not working properly, a coil and heater needs to be replaced in the upstairs HVAC unit and a ceiling and wall was damaged from a roof leak that was repaired by Mr. Hanna in December 2022. In support of her last claim, defendant produced a December 3, 2022 email to Mr. Hanna attaching two photographs depicting a crack in a ceiling. The pond timer, terrace cover and terrace barbeque are not components of a habitable residence. In evaluating the credibility of the parties, and based on the evidence presented, the Court is not persuaded that either the alleged need for replacement of portions of the upstairs HVAC unit or the crack in the ceiling caused by a repaired roof leak render the premises uninhabitable.

**IT IS THEREFORE ORDERED:**

A. Defendant is the prevailing party if defendant pays plaintiff the total rent owed of $10,000.00 ($3,000.00 per month for December 2022 through March 2023 minus the $2,000.00 credit relating to the replacement of the downstairs HVAC unit) by 5:00 p.m. on March 31, 2023, to Michael Hanna and Evelen Hanna. Said payment may either be made in person, or in the manner set forth in the January 3, 2023 Notice to Quit, i.e., to Account No. 60248265 @ Union Bank, 2092 Tapo St., Simi Valley CA, 93063.

B. Judgment will be entered for defendant when defendant has complied with item A shown by defendant's filing of a declaration under penalty of perjury (see form MC-030) no later than April 7, 2023 with proof of service on the plaintiff.

C. Plaintiff is the prevailing party if defendant fails to comply with item A.

D. Judgment will be entered for plaintiff when plaintiff files a declaration under penalty of perjury (see form MC-030), with proof of service on the defendant that the amount in item A has not been paid.

The clerk is directed to give notice via email and U.S. Mail.

---

[1] On February 22, 2023, the Court received an unsolicited declaration and attached photographs from defendant with no attached proof of service. The Court will neither review nor consider this submission.

---

[2] The lease agreement and various documents admitted into evidence by plaintiff reflect the name "Evelen Hanna" which the Court understands, based on the evidence presented, to be the same person as "Evelyn Hanna" reflected in the pleadings.

[3] Mr. Hanna confirmed that defendant paid 2,000.00 to Absolute Airflow with respect to the replacement of the downstairs HVAC unit. The receipt from Absolute Airflow reflects this payment made by defendant. (Defendant's Exhibit "D".

Certificate of Mailing is attached.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF VENTURA | FOR COURT USE ONLY |
|---|---|
| **COURTHOUSE ADDRESS:**<br>Hall of Justice<br>800 South Victoria Avenue<br>Ventura, CA 93009 | |
| **PLAINTIFF/PETITIONER:**<br>Michael Hanna and Evelyn Hanna trustee(s) of The Michael Hanna<br>and Evelyn Hanna Living Trust | |
| **DEFENDANT/RESPONDENT:**<br>Cindy Burkhart | |
| **CASE TITLE:**<br>Hanna vs. Burkhart | |

| **CERTIFICATE OF MAILING** | **CASE NUMBER:**<br>202300574189CLUD |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the Minute Order (Ruling on Submitted Matter) of 03/21/2023 was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Ventura, California, on 03/22/2023.

Cindy Burkhart
2053 North Medina AVENUE
Simi Valley, CA 93063

Michael C Earle
474 W Orange Show ROAD
San Bernardino, CA 92408

Randolph W. Andell
Andell Law Group
3295 Telegraph Road, Floor 1
Ventura, CA 93003-3220
email: randell@andelllawgroup.com

Michael C. Earle
email: attymcearle@fastevict.com

Cindy Burkhart
email: baabaa@pacbell.net

Brenda L. McCormick, Executive Officer/Clerk

Dated: 03/21/2023

By: _Tammy Brantner_
Tammy Brantner, Deputy Clerk

**CERTIFICATE OF MAILING**